Filed 9/28/23  Ray v. Avila CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CHARLENE RAY, | H050296 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. 21CV000532) |
| v. | |
| CARMEN AVILA, | |
| Defendant and Respondent. | |

### MEMORANDUM OPINION[1]

Charlene Ray, representing herself, appeals from an order denying her request for a civil harassment restraining order against respondent Carmen Avila.[2]  Because Ms. Ray

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] In her opening brief, Ms. Ray seeks review of several orders issued in different trial court actions.  The notice of appeal filed in the instant action seeks review of a May 5, 2022 order issued in Monterey County Superior Court case No. 21CV000532.  The record designated—but not cited (see discussion, *post*)—by Ms. Ray confirms that the only defendant in the referenced trial court action was Ms. Avila.  Ms. Ray filed a separate notice of appeal in trial court case No. 21CV000881, *Sanchez v. Ray*, which this court designated as appeal No. H050386.  On its own motion, this court takes judicial notice of the docket in appeal No. H050386, as well as the record filed therein.  Ms. Ray addresses trial court case No. 21CV000881 in the opening brief she filed here, but appeal No. H050386 was dismissed by this court when Ms. Ray failed to pay the filing fee required by California Rules of Court, rule 8.100(b).  Prior to dismissal, this court denied Ms. Ray's request to strike the notice of appeal filed in case No. H050386 and instead file the notice in the instant appeal.  We did so without prejudice to Ms. Ray filing a request to consolidate the appeals.  She did not make such a request.  Nor has she filed notices of

has not provided an adequate opening brief to enable meaningful appellate review, we affirm.

We appreciate Ms. Ray's respectful expression of her disappointment with the justice system, and the effort she made to appear before us. From oral argument, we recognize that Ms. Ray's experience of the justice system has been a source of great distress to her. It was apparent from her presentation that she feels that law enforcement, the trial court, and others in positions of authority have not afforded her a proper hearing, and that they have taken no action to redress the wrongs she perceives she has suffered.

However, as we mentioned at oral argument, there are strict rules that govern our review of trial court orders. We are required to presume that the trial court's order is correct. The appellant, here Ms. Ray, bears the burden of affirmatively showing an error based on the record presented to the trial court. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) The appellant's opening brief must provide a summary of significant facts limited to matters in the record, include record citations in support of factual assertions, identify the relief sought, and explain why the order appealed from is appealable. (Cal. Rules Court, rule 8.204(a)(1)(C), (a)(2)(A), (a)(2)(C).) The appellant must also include in the brief argument and legal authority to support their contentions. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) "This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to

appeal in the other trial court matters referenced in her opening brief: case Nos. 21CR000495, 22CV000862, and 22CV000994. This opinion will address only the order issued in trial court case No. 21CV000532.

authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Ms. Ray's brief does not comply with these requirements. Her opening brief consists of factual assertions that do not cite the record on appeal. Aside from fleeting references to her constitutional rights, Ms. Ray does not cite any legal authority in her brief, or otherwise provide reasoned legal argument. These limitations make it impossible for us to determine the nature of any alleged error in the trial court's order denying her request for a restraining order against Ms. Avila, particularly given the standard of review this court must apply.

We note that the trial court denied the protective order based on "inconclusive evidence." Generally we would apply the substantial evidence standard to review the order. (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497.) But here we are hampered because Ms. Ray has not identified in what way substantial evidence does not support the trial court's decision to deny her request for a civil harassment restraining order, or in what way the trial court made a legal error. " 'It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings.' [Citation.]" (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887.) Without citations to the record and reasoned legal argument, we cannot evaluate either the sufficiency of the evidence, or whether the trial court abused its discretion in denying Ms. Ray's request. As a result, we presume that the court's order denying the civil harassment restraining order was correct. This presumption is " 'not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Jameson*, *supra*, 5 Cal.5th at p. 609, quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

We are mindful of the fact that Ms. Ray is self-represented, but we cannot exempt her from compliance with the general rules we discuss above. We must treat a party who acts as her own attorney like any other party and hold her to the rules of procedure.

(*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247 [failure by self-represented litigant to cite to record and support contentions with appropriate discussion waives claims of insufficiency of the evidence].)  Although we may exercise our discretion to construe a self-represented litigant's brief liberally in an effort to determine the nature of her arguments, Ms. Ray has not provided us with a brief that makes meaningful review possible.

### DISPOSITION

The May 5, 2022 order is affirmed.  In the interests of justice, no costs are awarded.  (Cal. Rules of Court, rule 8.278(a)(5).)

4

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


H050296
Ray v. Avila